UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

---

WATER STREET CAPITAL, LLC,

                    Plaintiff,

v.

UNITED STATES LIABILITY INSURANCE
COMPANY, INC.

                    Defendant.

CIVIL ACTION NO. 25-730

---

## DEFENDANT UNITED STATES LIABILITY INSURANCE COMPANY, INC.'S NOTICE OF REMOVAL

NOW COMES the Defendant, United States Liability Insurance Company, Inc. ("USLI") by counsel, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and hereby gives notice of the removal of this action to the United States District Court for the District of Connecticut. As grounds for removal, USLI states as follows:

**A.    Introduction**

        1.    On April 30, 2025, the Plaintiff, Water Street Capital, LLC ("Plaintiff"), by counsel, commenced a civil action against USLI in the Superior Court for the Judicial District of New London at New London, State of Connecticut, now pending as Civil Action No. KNL-CV25-6074740-S (the "State Court Action").

        2.    No earlier than April 23, 2025, Plaintiff served a copy of the Summons and Complaint on USLI through the Office of the Insurance Commissioner for the State of Connecticut. These documents and the state court docket are attached hereto as **Exhibit**

**A**.  To date, there has been no other process, pleadings, or orders served on USLI. 28 U.S.C. § 1446(a).

3.    The Complaint generally alleges that Plaintiff owned property located at 138 Boston Post Road, in the Town of East Lyme, Connecticut (the "Property"), which was damaged by vandalism on or about January 30, 2025.  Complaint, P. 1, 2.  Plaintiff's Complaint further alleges that USLI insured the Property under Policy No. CP 1859779 which covered the Property on January 30, 2025 (the "Policy").  *Id* at P. 1. Plaintiff alleges that USLI wrongfully withheld money due to Plaintiff under the Policy for damages resulting from vandalism.  *Id.* at P. 2.

4.    Plaintiff's instant Complaint alleges that USLI is in breach of its insurance contract and prays for the recovery from USLI of: compensatory damages; pre and post-judgment interest, costs; damages for emotional distress; punitive damages; and other equitable relief.  *Id.* at p. 3.

5.    This action is properly removable under 28 U.S.C. § 1441(a), which states as follows, in relevant part:

> Except as otherwise expressly provided by the Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending.

6.    As explained below, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), which states as follows, in relevant part:

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between –
>
> (1)    citizens of different States[.]

**B.      This Removal is Timely.**

7.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), as the thirty-day time period for removal began to run no earlier than April 23, 2025, the date on which USLI was served with a copy of the Complaint.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

**C.      Venue is Proper in this Court.**

8.      Venue properly lies in this United States District Court for the District of Connecticut, under 28 U.S.C. §§ 1391(b)(2) and 121(6), as this District embraces the location of the Connecticut state court where the State Court Action is currently pending.

**D.      Complete Diversity of Citizenship Exists.**

9.      The citizenship of a limited liability company is determined by the citizenship of each member of the limited liability company.

10.      According to information filed with the Connecticut Secretary of the State, Plaintiff is a domestic limited liability company organized under the laws of the State of Connecticut and with a business address in Mystic, Connecticut.  Plaintiff's Secretary of the State filings also specify that Plaintiff's principal is ES Goodman LLC, which has a business address of 3 Water Street Unit 106, in Mystic, Connecticut.  ES Goodman LLC's principal is listed as Eric Goodman, who resides in Mystic, CT.  A copy of Plaintiff's business entity details accessed through the public website for the Connecticut Secretary of the State is attached hereto as **Exhibit B**.  A copy of ES Goodman LLC's business entity details is attached hereto as **Exhibit C**.

11.      Defendant USLI is a Nebraska corporation with a principal place of business located in Wayne, Pennsylvania.

12.     A corporation's citizenship is based on its state of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1).

13.     USLI is a Nebraska corporation with its principal place of business in Pennsylvania.

14.     Therefore, USLI is a citizen of Nebraska and Pennsylvania, and complete diversity of citizenship between Plaintiff and USLI exists.

**E.      The Amount in Controversy Requirement is Satisfied.**

15.     In addressing the amount in controversy, USLI does not concede the validity of Plaintiff's claims or attempt to predict what, if anything, he will recover. The amount in controversy is determined by the amount demanded, not what will ultimately be recovered. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289-90 (1938).

16.     Here, Plaintiff's Complaint alleges loss of use of its insurance benefits and substantial financial damages and loss as a result thereof. *See* Complaint at P. 2. Plaintiff has estimated that the costs to repair the damage caused by this allegedly covered incident totals $51,428.62. Further, Plaintiff has requested that the Court award punitive damages for USLI's alleged breach and damages for emotional distress. In Connecticut, the measure of punitive damages awarded is often a multiple of a plaintiff's actual damages. *See, e.g., Votto v. Am. Car Rental, Inc.,* 273 Conn. 478, 871 A.2d 981, 986 (2005) ("It is not an abuse of discretion to award punitive damages based on a multiple of actual damages"); *see also Staehle v. Michael's Garage, Inc.*, 35 Conn. App. 455, 463, 646 A.2d 888 (1994) ("The method used in this case for determining punitive damages was to award an amount equal to the plaintiff's actual damages.13 This is a recognized method for determining punitive damages…")

17.   Therefore, the amount in controversy exceeds $75,000, exclusive of interest and costs.

**F.   Adoption and Reservation of Defenses**

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of USLI's rights to assert any defense or affirmative matter, including, but not limited to, following defenses: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join indispensable parties; (8) statute of limitations; or, (9) any other pertinent defense available under Connecticut law or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

**WHEREFORE,** the Defendant, United States Liability Insurance Company, Inc., pray that this Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Superior Court for the Judicial District of New London at New London, State of Connecticut, to the United States District Court for the District of Connecticut.

Dated: May 6, 2025

Respectfully submitted,

Defendant,

United States Liability Insurance Company, Inc.

/s/ Ian J. Gemmell
Ian J. Gemmell (# ct28816)
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Ave.
Boston, MA  02210
IGemmell@peabodyarnold.com
Telephone:  617-951-2024

Dated: May 6, 2025

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 6, 2025, a copy of the foregoing *Notice of Removal* was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. A copy of the foregoing *Notice of Removal* was also served via first class mail to the following counsel of record:

Counsel for Plaintiff, Water Street Capital, LLC:

Alexa Massad Powers, Esq.
Messier, Massad Burdick & Assoc. LLC
107 State Street
New London, CT 06320

     */s/ Ian J. Gemmell*
Ian J. Gemmell, Esq.