# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-25
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact the Centralized ADA Office at 860-706-5310 or go to: www.jud.ct.gov/ADA/ |
|---|

**STATE OF CONNECTICUT**
**JUDICIAL BRANCH**
**SUPERIOR COURT**
www.jud.ct.gov

**Instructions are on page 2.**

- [ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- [✓] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- [ ] Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 70 Huntington Street, New London, CT 06320 | ( 860 ) 443 − 5363 | May 6, 2025 |

| | | At (City/Town) | Case type code (See list on page 2) |
|---|---|---|---|
| [✓] Judicial District | G.A. Number: | New London | Major: C   Minor: 20 |
| [ ] Housing Session | | | |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| Messier Massad Burdick & Assoc. LLC | 425555 |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| ( 860 ) 443 − 7014 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case. Any attorney who is not exempt from e-filing is required to accept electronic delivery. (Practice Book Section 10-13)   [✓] Yes  [ ] No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book: mvonachen@messiermassad.com

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| **First plaintiff** | Name: Water Street Capital, LLC<br>Address: 3 Water Street, 106, Mystic, CT, 06355 | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name: United States Liability Insurance Company, 1190 Devon Park Drive, Wayne, PA 19087<br>Address: c/o Agent for Service: CT Insurance Commissioner, 153 Market Street, Hartford, CT 06103 | D-01 |
| **Additional defendant** | Name:<br>Address: | D-02 |
| **Additional defendant** | Name:<br>Address: | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

**Total number of plaintiffs:** 1     **Total number of defendants:** 1     [ ] Form JD-CV-2 attached for additional parties

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | [✓] Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 04/14/2025 | /s/ | [ ] Clerk | Alexa Massad Powers |

**If this summons is signed by a Clerk:**
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date |
|---|---|---|

**For Court Use Only**
File Date

Docket Number

Print Form     Page 1 of 2     Reset Form

| | |
|---|---|
| **RETURN DATE: MAY 6, 2025** | **SUPERIOR COURT** |
| **WATER STREET CAPITAL, LLC** | **JD OF NEW LONDON** |
| **VS.** | **AT NEW LONDON** |
| **UNITED STATES LIABILITY INSURANCE COMPANY, INC.** | **APRIL 14, 2025** |

## COMPLAINT

### COUNT ONE: BREACH OF CONTRACT

1. The Plaintiff, Water Street Capital, LLC ("Plaintiff"), is the owner of real property located at 138 Boston Post Road, in the Town of East Lyme and State of Connecticut. ("Premises").

2. The Defendant, United States Liability Insurance Company, Inc., ("Defendant") is an entity licensed to transact insurance business in the State of Connecticut.

3. The Defendant issued an Insurance Policy, policy number CP 1859779 which covered the Premises on January 30, 2025, and provided general property and liability coverage for the Premises (hereinafter referred to as the "Policy").

4. On or about January 30, 2025, the Premises was covered by the above Policy and all premiums had been paid by the Plaintiff.

5. On or about January 30, 2025, the Premises incurred substantial property damage as a result of a covered loss.

6. On or about January 30, 2025, the Plaintiff filed a claim with the Defendant for the covered loss.

7. After initiation of the claim, the Defendant sent an adjuster to the Premises to complete an inspection.

8. During the onsite inspection, the adjuster indicated to the Plaintiff that it was clear the damage was the result of vandalism to the Premises.

9. On or about March 4, 2025, the Defendant issued a denial letter to the Plaintiff, denying coverage for the loss.

10. Upon information and belief, the Defendant, to date, has not provided the Plaintiff with any payment for the covered loss incurred on the Premises.

11. The foregoing actions of the Defendants constitute a breach of the Policy by refusing to pay the Plaintiff the benefits of the Policy.

12. As a direct and proximate result of the Defendant's breach, the Plaintiff has sustained substantial financial damages and losses.

**COUNT TWO:    BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

1-10. The Plaintiff incorporates by reference and realleges paragraphs 1-10 of Count One into Count Two as if fully set forth herein.

11. The Policy was a contract between the Defendant and the Plaintiff, under which the Plaintiff reasonably expected to receive the benefits of property insurance coverage including coverage for damage that occurs as a result of vandalism.

12. The Defendant engaged in conduct that injured the Plaintiff's right to receive that benefit and breached the covenant of good faith and fair dealing by refusing to consider the merits of the Plaintiff's claims and settle its claim for a reasonable sum when it had ample opportunity to do so.

13. The Defendant engaged in conduct that was unfaithful to the justified expectations of the Plaintiff with respect to its Policy with the Defendant.

14. The Defendant engaged in dishonest and misleading conduct intended to mislead the Plaintiff, deceive the Plaintiff, and/or neglect its duties to the Plaintiff under the Policy.

15. The Defendant consciously engaged in conduct with a dishonest purpose and ill will.

16. The Defendant failed to be faithful to their duties and obligations under the Policy.

17. The foregoing actions of the Defendant constitute a breach of the covenant of good faith and fair dealing.

18. As a direct and proximate result of the Defendant's breach of said covenant, the Plaintiff has sustained substantial financial damages and losses.

## COUNT THREE: VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT

1-10. The Plaintiff incorporates by reference and realleges paragraphs 1-10 of Count One into Count Three as if fully set forth herein.

11. At all times relevant to this action, the Defendant was engaged in trade or commerce in their dealing with the Plaintiff as being duly licensed to transact insurance business in the State of Connecticut.

12. At all times pertinent hereto, the Defendant was prohibited by § 42-110b and § 38a-815a et al of the Connecticut General Statutes from engaging in unfair or deceptive acts or practices in the conduct of the business of insurance.

13. The Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce, including insurance, in one or more of the following ways:

   a. It breached C.G.S. § 38a-816(6)(b) by failing to acknowledge and act with reasonable promptness upon communications with respect to claims arising under its insurance policy provisions;

   b. It did not adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies, in violation of C.G.S. § 38a-816(6)(c);

   c. It refused to pay claims without conducting a reasonable investigation based upon all available information, in violation of C.G.S. § 38a-816(6)(d);

   d. It failed to act in good faith to effectuate prompt, fair and equitable settlements of the claim in which liability has become reasonably clear, in violation of C.G.S. § 38a-816(6)(f);

  e. It compelled it insured to instigate litigation to recover amounts due under the insurance policy by offering substantially less than the amount ultimately recovered in actions brought by such insureds with such frequency as to indicate a general business practice, in violation of C.G.S. § 38a-816(6)(g); and

  f. It failed to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement in violation of C.G.S. § 38a-816(6)(n).

14. The Defendant's failures, decisions, and actions set forth in Paragraph 13 of this Count were the result of its implementation of an unfair claim evaluation process which prioritized denial of claim pay-outs above a fair evaluation of its insured's claims.

15. The outrageous conduct and wrongful actions of the Defendant in ignoring and/or not complying with policy provisions and disregarding the rights of other insureds has occurred with such frequency so as to constitute a general business practice of insurance misconduct, in violation of C.G.S. § 38a-815 et. seq.

16. The Plaintiff is entitled to recover compensatory damages from the Defendant, including the amount of judgment in excess of the policy limits, offer of compromise interest, and damages for emotional distress, as well as punitive damages.

**COUNT FOUR: UNJUST ENRICHMENT**

1-10. The Plaintiff incorporates by reference and realleges paragraphs 1-10 of Count One into Count Four as if fully set forth herein.

11. The Plaintiff conferred upon the Defendant the benefit of full payment of premiums for the Policy.

12. The Defendants had an appreciation for such financial benefit that was conferred upon it by the Plaintiff.

13. Upon information and belief, the Defendant accepted the benefit in such a way that it would be inequitable for the Defendant to retain the benefit without properly compensating the Plaintiff for valid claims.

14. The Defendant has failed to make any payments to the Plaintiff for the Plaintiff's valid claims.

15. As such, the Defendant has been unjustly enriched by the benefit conferred to them by the Plaintiff through policy premiums without providing any service or benefit to the Plaintiff in return.

**WHEREFORE**, the Plaintiff, Water Street Capital, LLC, claims:

1. Fair and Just Compensatory Damages; including the amount of judgment in excess of the policy limits, offer of compromise interest, and damages for emotional distress, as well as punitive damages;

2. Interest and Costs; and

3. Other relief this Court deems Just and Equitable.

THE PLAINTIFF,
WATER STREET CAPITAL, LLC

By: _____
Alexa Massad Powers
Messier, Massad Burdick & Assoc. LLC
107 State Street
New London, CT 06320
Tel.: (860) 443-7014
Fax: (860) 443-7015
Juris No.: 425555

Its Attorney

| | | |
|---|---|---|
| **RETURN DATE: MAY 6, 2025** | : | **SUPERIOR COURT** |
| **WATER STREET CAPITAL, LLC** | : | **JD OF NEW LONDON** |
| **VS.** | : | **AT NEW LONDON** |
| **UNITED STATES LIABILITY INSURANCE COMPANY, INC.** | : | **APRIL 14, 2025** |

## STATEMENT OF AMOUNT OF DEMAND

The amount, legal interest, or property in demand, exclusive of interests and costs, is in excess of Fifteen Thousand and 00/100 ($15,000.00) Dollars.

THE PLAINTIFF,
WATER STREET CAPITAL, LLC

By: _____
Alexa Massad Powers
Messier, Massad Burdick & Assoc. LLC
107 State Street
New London, CT 06320
Tel.: (860) 443-7014
Fax: (860) 443-7015
Juris No.: 425555

Its Attorney

**RETURN OF SERVICE**

State of Connecticut)
                SS: Hartford                        April 23, 2025
County of Hartford)

      Then and there by virtue hereof and by direction of the plaintiff's attorney, I made due and legal service upon the within named defendant, United States Liability Insurance Company, by leaving two true and attested copies of the within original Writ, Summons, and Complaint with and in the hands of Alice Walden, Front Desk Clerk at the office of Andrew N. Mais, Insurance Commissioner for the State of Connecticut, at 153 Market Street, Hartford, Connecticut. Said Insurance Commissioner of the State of Connecticut is the duly authorized agent and attorney for said defendant, United States Liability Insurance Company.

      The within and foregoing is the entire original process described above with my doings endorsed hereon.

Attest: *[signature]*

Courtland Hall
State Marshal

Fees:

| | |
|---|---|
| Service | $ 50.00 |
| Travel | $ 64.40 |
| Pages | $ 18.00 |
| End. | $ 2.50 |
| Ins. Comm Fee | $ 50.00 |
| Total | $ 184.90 |

 

### State of Connecticut Judicial Branch
### Superior Court Case Look-up

| | |
|---|---|
| **Superior Court Case Look-up** | KNL-CV25-6074740-S    **WATER STREET CAPITAL, LLC v. UNITED STATES LIABILITY INSURANCE COMPANY** |
| Civil/Family | |
| Housing | **Prefix/Suffix:** [none]  **Case Type:** C20  **File Date:** 04/30/2025  **Return Date:** 05/06/2025 |
| Small Claims | |

| Case Detail | Notices | History | Scheduled Court Dates | E-Services Login | Screen Section Help |

*To receive an email when there is activity on this case, click here.*

- Attorney/Firm Juris Number Look-up
- Case Look-up
  - By Party Name
  - By Docket Number
  - By Attorney/Firm Juris Number
  - By Property Address
- Short Calendar Look-up
  - By Court Location
  - By Attorney/Firm Juris Number
  - Motion to Seal or Close
  - Calendar Notices
- Court Events Look-up
  - By Date
  - By Docket Number
  - By Attorney/Firm Juris Number
- Legal Notices
- Pending Foreclosure Sales
- Understanding Display of Case Information
- Contact Us

**Information Updated as of:** 04/30/2025

#### Case Information
| | |
|---|---|
| **Case Type:** | C20 - Contracts - Insurance Policy |
| **Court Location:** | NEW LONDON JD |
| **List Type:** | No List Type |
| **Trial List Claim:** | |
| **Last Action Date:** | 04/30/2025  (The "last action date" is the date the information was entered in the system) |

#### Disposition Information
**Disposition Date:**
**Disposition:**
**Judge or Magistrate:**

#### Party & Appearance Information

| Party | | No Fee Party | Category |
|---|---|---|---|
| **P-01** | **WATER STREET CAPITAL, LLC** | | Plaintiff |
| | Attorney: MESSIER MASSAD BURDICK & ASSOC. LLC (425555)  File Date: 04/30/2025 NEW 107 STATE STREET NEW LONDON , CT 06320 | | |
| **D-01** | **UNITED STATES LIABILITY INSURANCE COMPANY** Non-Appearing | | Defendant |


**Comments**

**Viewing Documents on Civil, Housing and Small Claims Cases:**

If there is an 🅮 in front of the docket number at the top of this page, then the file is electronic (paperless).

- Documents, court orders and judicial notices in electronic (paperless) civil, housing and small claims cases with a return date on or after January 1, 2014 are available publicly over the internet.* For more information on what you can view in all cases, view the *Electronic Access to Court Documents Quick Card*.

- For civil cases filed prior to 2014, court orders and judicial notices that are electronic are available publicly over the internet. Orders can be viewed by selecting the link to the order from the list below. Notices can be viewed by clicking the **Notices** tab above and selecting the link.*

- Documents, court orders and judicial notices in an electronic (paperless) file can be viewed at any judicial district courthouse during normal business hours.*

- Pleadings or other documents that are not electronic (paperless) can be viewed only during normal business hours at the Clerk's Office in the Judicial District where the case is located.*

- An Affidavit of Debt is not available publicly over the internet on small claims cases filed before October 16, 2017.*

*Any documents protected by law Or by court order that are Not open to the public cannot be viewed by the public online And can only be viewed in person at the clerk's office where the file is located by those authorized by law or court order to see them.

#### Motions / Pleadings / Documents / Case Status

| Entry No | File Date | Filed By | Description | Arguable |
|---|---|---|---|---|
| | 04/30/2025 | P | **SUMMONS** NEW | |
| | 04/30/2025 | P | **COMPLAINT** NEW | |

| | | | | |
|---|---|---|---|---|
| 100.30 | 04/30/2025 | P | **RETURN OF SERVICE** 📄 ❗NEW | No |

| Scheduled Court Dates as of 04/29/2025 |
|---|
| **KNL-CV25-6074740-S -** **WATER STREET CAPITAL, LLC v. UNITED STATES LIABILITY INSURANCE COMPANY** |

| # | Date | Time | Event Description | Status |
|---|---|---|---|---|
| | | | No Events Scheduled | |

Judicial ADR events may be heard in a court that is different from the court where the case is filed. To check location information about an ADR event, select the **Notices** tab on the top of the case detail page.

Matters that appear on the Short Calendar are shown as scheduled court events on this page. The date displayed on this page is the date of the calendar.

The status of a Short Calendar matter is not displayed because it is determined by markings made by the parties as required by the calendar notices and the civil standing orders. Markings made electronically can be viewed by those who have electronic access through the Markings History link on the Civil/Family Menu in E-Services. Markings made by telephone can only be obtained through the clerk's office. If more than one motion is on a single short calendar, the calendar will be listed once on this page. You can see more information on matters appearing on Short Calendars by going to the Civil/Family Case Look-Up page and Short Calendars By Juris Number or By Court Location.

Periodic changes to terminology that do not affect the status of the case may be made.

This list does not constitute or replace official notice of scheduled court events.

**Disclaimer:** For civil and family cases statewide, case information is displayed and is available for inquiry on this website for a period of time, one year to a maximum period of ten years, after the disposition date. To the extent that Connecticut Practice Book Sections 7-10 and 7-11 provide for a shorter period of time, this information will be displayed for the shorter period.

In accordance with the Federal Violence Against Women Act of 2005, cases involving relief from physical abuse (restraining orders), civil protection orders, foreign protective orders, and motions that would be likely to publicly reveal the identity or location of a protected party may not be displayed and may be available only at the courts.

Pursuant to section 47a-26j of the Connecticut General Statutes, certain eviction cases will be removed from this website 30 days after disposition or other final activity of the case.

Attorneys | Case Look-up | Courts | Directories | EducationalResources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Home

Common Legal Terms | Contact Us | Site Map | Website Policies

Copyright © 2025, State of Connecticut Judicial Branch

Page Created on 4/30/2025 at 2:39:12 PM